UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENROY A. DEER,<br><br>      **Plaintiff,**<br><br>v.<br><br>MONMOUTH COUNTY<br>CORRECTIONAL INSTITUTION,<br><br>      **Defendant.** | Civil Action No. 15-3924(FLW)<br><br>OPINION |

## I.  INTRODUCTION

This matter has been opened to the Court by Defendant Monmouth County Correctional Institution's ("MCCI") motion to dismiss *Pro Se* Plaintiff Glenroy A. Deer's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Because MCCI is not a "person" amenable to suit under Section 1983, the Court grants Defendant's motion and dismisses the Complaint against Defendant MCCI with prejudice and administratively terminates the case as there are no remaining defendants in the case.  However, because it appears Plaintiff was attempting to amend his Complaint to add additional Defendants through his "Memorandum of Law" submitted in opposition to Defendant's motion to dismiss, the Court will provide Plaintiff with 30 days in which to file an Amended Complaint.

## II.  FACTUAL BACKGROUND

Plaintiff, an immigration detainee previously detained at Monmouth County Correctional Facility and currently detained at Essex County Correctional Facility, originally filed this Complaint in the Superior Court of New Jersey, Law Division, Monmouth County on April 8, 2015.  That Complaint, which is comprised of three paragraphs, reads in its entirety as follows:

1

>    Between January 9, 2015 and March 6, 2015, Monmouth County Correctional Institution, Defendant[,]
>
>    a. Engaged in practiced [sic] of censorship of Plaintiff's legal work and deprived Plaintiff access to the courts by way of unreasonable practices restricting access to the institution's law library and unreasonable limitations of legal information. Defendant possessed Plaintiff's legal work since January 16, 2015. See Attachment A: Petition for Access to the Courts.
>
>    b. Plaintiff is detained in an environment controlled and operated by Defendant with sleeping provision and utility detrimental to the health and well being of human beings. See Attachment A: Petition for Access to the Courts.
>
>    c. As a practice and a matter of policy, Defendant has refused to provide Plaintiff medical treatment essential to his health, wellness, and continued existence; he suffers from periodontal disease.

(*See* ECF No. 1-1, Plaintiff's Complaint, attached as Exhibit A to Defendant's Notice of Removal.) The only named Defendant is MCCI. (*See id.*)

On June 10, 20165, MCCI removed the case to this Court. (ECF No. 1.) Defendant subsequently filed a motion to dismiss the Complaint on June 25, 2015. (ECF No. 3.) The Motion to Dismiss raised four arguments for dismissal: that the Complaint fails to state a claim against MCCI because the facility is not subject to suit under Section 1983; that Plaintiff fails to state a claim for denial of access to the Courts; that Plaintiff's Complaint fails to state a claim for unconstitutional conditions of confinement; and that Plaintiff's Complaint fails to state a claim for inadequate medical treatment. (*See id.*) Defendant seeks a dismissal with prejudice.

In response to the motion to dismiss, Plaintiff submitted a document entitled "Civil Action: Memorandum of Law." (ECF No. 4.) That submission includes a cover page with a caption that lists Monmouth County Correctional Facility, as well as five additional named Defendants, and an unidentified number of John Doe Defendants. (*Id.*) The submission provides nearly twenty pages of additional facts and legal arguments regarding the civil rights

2

claims alleged in his original Complaint. (*Id.*) The submission also requests that the Court (1) issue an order requiring Monmouth County Correctional Facility to provide security video footage that Plaintiff believes will assist him in proving his claims; and (2) treat this action as a class action. (*Id.*) The submission also includes numerous attachments related to Plaintiff's claims and seeks both monetary and injunctive relief. (*Id.*)

Defendant filed a memorandum reply in response to Plaintiff's opposition. That reply, filed by MCCI's counsel, attempts to address some of the new facts and arguments raised in Plaintiff's submission, and argues that Plaintiff's additional factual allegations are insufficient to defeat Defendant's motion to dismiss. (*See* ECF No. 5.)

### III. ANALYSIS

#### a. Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Fed. R .Civ. P. 12(b)(6). On a motion to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)); *United Van Lines, LLC v. Lohr Printing, Inc.*, No. CIV. 11–4761, 2012 WL 1072248, at *2 (D.N.J. Mar. 29, 2012).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts first separate the factual and legal elements of the claims, and accept all of the well-pleaded facts as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). In order to survive a motion to dismiss, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully," but does not create what amounts to a "probability requirement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In a case brought *pro se* litigant, the Court must construe the complaint liberally in favor of the plaintiff.  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).  "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.' *Id.* (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997)).  That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief.  *Id.* (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

### b. Plaintiff's Civil Rights Claims Against MCCI

The Court construes Plaintiff's Complaint to raise violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other*

4

*grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the Court need not address whether Plaintiff's Complaint alleges conduct by MCCI — the only named defendant in the Complaint — that deprived him of any rights secured under the Constitution, because it is well-established that a county jail is not a "person" amenable to suit under the section 1983. *See Crooks v. Passaic Cty. Sheriff's Dep't/Jail*, No. 07-0092, 2007 WL 923330, at *2 (D.N.J. Mar. 26, 2007); *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. April 8, 2015); *Kitchen v. Essex Cnty. Corr. Facility*, No. 12-2199, 2012 WL 1994505, at *3 (D.N.J. May 31, 2012); *Ingram v. Atl. Cnty. Justice Facility*, No. 10-1375, 2011 WL 65915, at *3 (D.N.J. Jan. 7, 2011). Thus, Plaintiff's claims against MCCI are facially deficient and will be dismissed with prejudice.[1]

---

[1] Plaintiff may not have known that a county jail is not a "person" amenable to suit under section 1983. As a general matter, Plaintiff must name as a defendant someone with personal involvement in the actions of which he complains. "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Crooks*, 2007 WL 923330, at *2 (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988) (citations omitted)); *accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir.1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir.1995). Under some circumstances, where an illegal policy or practice is alleged, the correct entity subject to suit under § 1983 for claims against the jail may be the county which operates the facility, *see Kitchen*, 2012 WL 1994505 at *3, and/or the policy maker. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

### c. Plaintiff's Submission in Opposition to Defendant's Motion to Dismiss

As noted, Plaintiff states additional facts pertaining to his claims in his memorandum of law submitted in opposition to Defendant's motions to dismiss.[2]  (ECF No 4.)  Because MCCI is not a proper Defendant in a section 1983 action, Plaintiff cannot cure the deficiencies in his claims against MCCI through any amendment.  Through this submission, however, Plaintiff also attempts to add new individuals and/or entities as defendants, and needless to say, these proposed defendants have not been served or otherwise notified of the allegations against them.  The additional facts presented in Plaintiff's opposition may arguably present cognizable claims against individuals and/or entities other than MCCI, but the allegations against these individual must be presented in an amended complaint.[3]  "Generally, briefs cannot serve to amend a complaint or introduce new pleadings." *Miles v. Ansari*, No. 10-CV-6179 NLH KMW, 2011 WL 2974709, at *3 (D.N.J. July 21, 2011) (*citing Commw. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).  Because it appears that Plaintiff may have intended to amend his Complaint, the Court will permit Plaintiff to submit an Amended Complaint within 30 days of his receipt of this Opinion and accompanying Order.  *See Grayson v. Mawiew State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (Where a complaint can be remedied by an amendment, a district court may not dismiss the entire complaint with prejudice, but must permit the amendment of same); *see also Fletcher–Harlee Corp. v. Pote Concrete Contractors. Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).  If Plaintiff chooses to file an Amended Complaint,

---

[2] At the time Plaintiff submitted his opposition, he could have amended the Complaint against MCCI as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B).

[3] The Court makes no findings at this time as to whether the allegations in Plaintiff's opposition would state any cognizable claims under section 1983 or otherwise.

however, he must also serve the Amended Complaint on the newly named defendants, as they must have an opportunity to respond to the allegations in the Amended Complaint.[4]

IV. **CONCLUSION**

For the reasons explained in this Opinion, the Court dismisses the claims against MCCI with prejudice and administratively terminates the case. The Court, however, will permit Plaintiff to submit an Amended Complaint within 30 days of his receipt of this Opinion and accompanying Order, and at that time, this case will be re-listed.

An appropriate Order follows.


/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: January 28, 2016

---

[4] To the extent Plaintiff chooses to file an Amended Complaint and requires assistance in serving the Complaint, he should apply for *in forma pauperis* status or make a formal motion requesting that the U.S. Marshal be directed to provide service.